NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3296

JIMMY M. ROBERTS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Jimmy M. Roberts, of Ogden, Utah, pro se.

Corinne A. Niosi, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Deborah A. Bynum, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3296

JIMMY M. ROBERTS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DE-844E-08-0386-I-2.

_____

DECIDED: March 5, 2010

_____

Before MAYER, CLEVENGER, and MOORE, Circuit Judges.

PER CURIAM.

Jimmy Roberts appeals the final order of the Merit Systems Protection Board, which denied his petition for review of the initial decision upholding the denial of his request for a disability retirement annuity under the Federal Employees' Retirement System ("FERS"). Roberts v. Office of Pers. Mgmt., No. DE-844E-08-0386-I-2 (June 25, 2009). We affirm.

We must affirm the board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3)

unsupported by substantial evidence." 5 U.S.C. § 7703(c). Our standard of review is even more limited under an appeal of a disability retirement decision made under FERS; we "may only address the critical legal errors, if any, committed by the [board] in reviewing OPM's decision." Vanieken-Ryals v. Office of Pers. Mgmt., 508 F.3d 1034, 1038 (Fed. Cir. 2007). We do not have jurisdiction to review the board's factual determinations. Lindahl v. Office of Pers. Mgmt., 470 U.S. 768, 780-81 (1985) (quoting Scroggins v. United States, 397 F.2d 295, 297 (Ct. Cl. 1968)).

Roberts alleges that the board erred by rejecting certain post-termination medical evidence in contravention of our holding in Reilly v. Office of Personnel Management. 571 F.3d 1372, 1382 (Fed. Cir. 2009). In Reilly, we remanded the case to the board because it erred in categorically declining to consider post-employment medical evidence. Id. Here, the AJ explicitly relied on the September 1, 2006, assessment of Roberts' disability even though it postdated his removal. The AJ did not err by discounting other later-obtained medical assessments, such as the February 19, 2009, assessment, because they did not relate back to the time Roberts was employed. In fact, the AJ's analysis is directly in line with our statement in Reilly that "[t]here are circumstances where such [post-removal] evidence is irrelevant or entitled to little weight as a factual matter, such as . . . a lack of evidence connecting the prior condition to the more recent medical evidence." Id.

Furthermore, the board denied Roberts' application for disability retirement annuities on an independent ground; even assuming he established that his condition was incompatible with useful or efficient service or retention in his position, he failed to meet his burden of showing that an accommodation was unreasonable. Trevan v.

Office of Pers. Mgmt., 69 F.3d 520, 522 (Fed. Cir. 1995). Roberts did not dispute this finding, and does not challenge it in his appeal.